UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVSION

| | |
|---|---|
| Ykeam Yusef Jefferson, individually and on behalf of all others similarly situated,<br><br>                            Plaintiff,<br><br><br><br>    -v.-<br>Keis George LLP,<br>and John Does 1-25.<br><br>                            Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ykeam Yusef Jefferson, (hereinafter, "Plaintiff"), an Ohio resident, brings this Class Action Complaint by and through his attorneys, Zukowsky Law LLC, against Keis George LLP (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy."

1

*Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate, Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Ohio consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Ohio, County of Cuyahoga, residing at 20102 Wickfield Ave, Warrensville Heights, OH 44122-6553.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 55 Public Square, Suite 800, Cleveland, OH 44113 for service upon their registered agent William H Keis Jr, at 55 Public Square, Suite 800, Cleveland OH 44113.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Ohio;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. that fails to clearly explain the balance due;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 29, 2019, obligations were allegedly incurred to Progressive Direct Insurance Company.

22. The Progressive Direct Insurance Company obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

23. The alleged Progressive Direct Insurance Company obligations are a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Progressive Direct Insurance Company is a "creditor"(s) as defined by 15 U.S.C.§ 1692a(4).

25. Progressive Direct Insurance Company contracted with the Defendant to collect the alleged debt.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – March 29, 2019 Collection Letter*

27. On or about March 29, 2019, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Progressive Direct Insurance Company. **See Collection Letter – Attached hereto as Exhibit A.**

28. The Letter states a total balance due of $2256.13 with a payment due of $432.00:

29. The Letter also contains an "Account Summary" which breaks down the amount due as follows:

> Principal Amount: $ 3615.68
> Court Costs: $ 131.10
> Paid to Date: $ 2033.00
> Accum Interest: $542.35
> Returned Payment Charges: $ 0.00

30. The total balance due of $2256.13 consists of the sum of the Principal amount, court costs, accumulated interest, less the amount paid to date.

31. The Letter contains an enclosure showing that the amount due is based on a judgment entered for Progressive Direct Insurance Company against Plaintiff in the Cuyahoga County Court of Common Pleas (Case No. CV12777398) rendered on June 12, 2012 for $2,582.68.

32. There is no explanation given for the discrepancy between the judgment amount upon which the letter is based ($2,582.68) and the principal amount stated in the Letter ($3615.68).

33. To date Plaintiff has not received a statement to that effect from the defendants.

34. The increase in the amount cannot be attributed to accumulated interest because that amount is listed separately, in addition to the principal amount.

35. Plaintiff has no way of understanding why the principal amount due is significantly higher than the judgment amount, especially considering the $2033 he has paid to date.

36. Plaintiff incurred an informational injury as he could not ascertain from the deceptive and misleading Letter the amount he presently owed on the debt.

37. Further, Plaintiff has been harmed by this false representation of the amount of the debt.

38. As a result of Defendant's false, deceptive and misleading debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
*et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section by:

   a. As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2).

   b. Making a false and misleading representation in violation of §1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

46. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

47. Defendant violated this section by including a balance significantly higher than the balance originally due without any explanation.

48. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ykeam Yusef Jefferson, individually and on behalf of all others similarly situated demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai Zukowsky, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  December 9, 2019                                         Respectfully Submitted,

                                                 By:/s/ Amichai Zukowsky
                                                 Amichai E. Zukowsky
                                                 *Attorney for Plaintiff*
                                                 Amichai E. Zukowsky, Esq.
                                                 Zukowsky Law, LLC
                                                 23811 Chagrin Blvd, Suite 160
                                                 Beachwood, OH 44122
                                                 Phone: 216.800.5529
                                                 Email: ami@zukowskylaw.com